UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

RICHARD SARBAUGH, and )
TINA SARBAUGH, )
 )
**Plaintiffs,** )
 )
-vs- ) No.: 11-cv-
 )
PLASTIPACK PACKAGING, INC., )
 )
 )
**Defendant.** )   JURY DEMAND

## COMPLAINT

COMES NOW Richard and Tina Sarbaugh, Plaintiffs, by and through their attorney, Ronald S. Langacker of Langacker Law, Ltd., and for their cause of action against the Defendant, Plastipak Packaging, Inc., and pursuant to Fed. R. Civ. P. 15(a)(1), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Venue is proper in the Central District of Illinois, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Central District of Illinois.

2. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331(federal question) since Plaintiff's are bringing this claim pursuant to the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001 et seq. and COBRA,, 29 U.S.C. Sec. 1161, et. seq.

3. The Court has personal jurisdiction over Defendant since it maintains sufficient minimum contacts with the State of Illinois.

### PARTIES

4. Plaintiff, Richard Sarbaugh, is a former employee of the Defendant, and currently resides at 240 S. Orange, Ludlow, Illinois. Plaintiff's spouse, Tina

Sarbaugh, also resides at the address listed above. Plaintiffs both reside within this judicial district.

5. Defendant, Plastipak Packaging, Inc. ("Plastipak") is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Michigan, and is registered to do business in the State of Illinois. Plastipak manufacturers and distributes plastic bottles for use in the production, distribution, and sale of certain beverages.

6. At all times pertinent to this proceeding the Defendant did, in connection with its business enterprise, employ individuals to engage in the manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and, in engaging in that activity, was both engaged in commerce and in an industry effecting commerce.

## **FACTUAL ALLEGATIONS**

7. The Plaintiff, Richard Sarbaugh, was hired by the Defendant, Plastipak, on January 13, 2009, at Defendant's facility in Champaign, Illinois.

8. The Defendant operates and maintains an employee benefit plan under ERISA providing medical benefits for its employees. At all times material, Defendant was the authorized agent acting in the scope of their agency in the administration of the Defendant's Benefit Plan.

9. The Plaintiff, Richard Sarbaugh, qualified for and was enrolled in the Defendant's group health plan, as was his spouse, Tina Sarbaugh, who was also enrolled in the Defendant's group health plan.

10. That Plaintiff, Richard Sarbaugh, was terminated from his employment by the Defendant on July 28, 2009.

11. That following his termination, the Plaintiff, Richard Sarbaugh was not provided notice and information regarding her entitlement to continuation of health insurance coverage in a timely fashion pursuant to the requirements of COBRA.

12. Plaintiffs did not learn of the cessation of medical benefits under the Employee Benefit Plan until medical bills were submitted and payment denied after July 28, 2009.
13. Plaintiffs were not notified until over one year later, on August 4th, 2010, that they had a right to continuation coverage under COBRA, when the Defendant mailed a letter to Plaintiff Richard Sarbaugh stating "he may not have received COBRA Continuation Coverage or a Certificate of Credible Insurance Coverage upon your termination from the company." See Exhibit A, attached hereto and incorporated herein by reference.
14. That at the time Defendant notified Plaintiff's they could continue medical coverage under COBRA, Plaintiff's had amassed substantial medical bills which were otherwise not covered by health insurance.

## COUNT I-VIOLATION OF COBRA

15. Paragraphs 1 through 14 is incorporated by reference as if fully set out herein.
16. Plaintiffs seek to redress the deprivation of rights secured to Plaintiffs by the Consolidated Omnibus Reconciliation Act of 1985 [29 U.S.C. § 1161 *et seq.*] ("COBRA").
17. Under COBRA, Defendant was required to offer Plaintiff Rick Sarbaugh continuation benefits after his termination, which is usually effectuated by issuing a COBRA Continuation Coverage Notice ("Notice"). However, Defendant did not provide Plaintiff with Notice regarding COBRA continuation benefits, nor did it provide an opportunity for Plaintiff to procure continuation coverage within forty-five (45) days of Plaintiff's qualifying event on July 28th, 2009. Plaintiff did not receive any COBRA information until on or about August 4th, 2010, over a year following the qualifying event.
18. The actions of Defendant, its agents, and employees constituted a violation of the Consolidated Omnibus Reconciliation Act of 1985 [29 U.S.C. § 1161 *et seq.*], entitles Plaintiff to recover civil penalties under 29

U.S.C. § 1132(c)(1).In addition, Plaintiff is entitled to recover attorney's fees for the COBRA violations.

19. Defendant should be ordered to make Plaintiffs whole by ordering damages payable under 29 U.S.C. § 1132 including, but not limited to the daily fine required by 29 U.S.C. § 1132(c)(1) and actual medical and other expenses incurred as a result of the COBRA violation;

20. Plaintiffs are entitled to recover the sum of $100 per day for the time the Defendant breached their notice and continuation of coverage obligations under COBRA commencing from Plaintiff's qualifying event on July 28th, 2009, through August 4th, 2010, which sum totals the amount of $37,200.00. 29 U.S.C. § 1132 (c) (1).

21. The Court should also award Plaintiffs the total amount of medical expenses incurred during the COBRA continuation of coverage period which amount is to be determined. 29 U.S.C. § 1132 (c) (1).

22. Plaintiffs have incurred and will incur attorney's fees and expenses in the prosecution of this action for which they are entitled to an award under Section 1132 (g)(1) of ERISA. 29 U.S.C. § 1132 (g)(1).

WHEREFORE, Plaintiffs, Richard and Tina Sarbaugh, respectfully request that this Court enter the following relief:

    A.    An award of $37,200.00 for the $100 per day penalty for non-compliance with COBRA for failing to provide notice from the qualifying event on July 28th, 2009, through August 4th, 2010, pursuant to 29 U.S.C. § 1132 (c) (1);

    B.    An award of the medical expenses incurred by Plaintiffs during the period of COBRA continuation coverage as appropriate additional relief under 29 U.S.C. § 1132 (c) (1);

C. An award of the attorney's fees and expenses incurred in prosecuting this action under 29 U.S.C. § 1132 (g)(1) and costs of suit to the extent they are not included in the attorney's fees and expense award; and

D. For all such further relief as the Court deems equitable and just.

RICK SARBAUGH AND TINA SARBAUGH, PLAINTIFFS.

PLAINTIFFS DEMAND TRIAL BY JURY.

Respectfully Submitted,

By: s/ Ronald S. Langacker
 Ronald S. Langacker, #6239469
 Attorney for Plaintiff
 302 W. Hill Street, Suite 101
 Champaign, Illinois 61820
 Telephone: (217) 390-4932
 Facsimile: (312) 377-1921
 E-Mail: langackerlaw@gmail.com